# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LISA HILBERT, individually, and )
LISA HILBERT, as the executor of )
the estate of KENNETH L. CONLEY, )
deceased, )
                                   )
                  Plaintiff, )
                                   )
                  vs. )          No. CIV-10-214-FHS
                                   )
SUN LIFE ASSURANCE COMPANY OF )
CANADA, a corporation, )
                                   )
                  Defendants. )

## OPINION AND ORDER

Before the court for its consideration is the Plaintiff's Motion For Partial Summary Judgment on ERISA and Brief in Support (Doc. #40). In this motion, the plaintiff requests partial summary judgment and a finding by the court that the two insurance policies at issue are separate policies; that the remedies for breach of policy two are not limited by ERISA; and that plaintiff is entitled to recover damages for Sun Life's breach of the insurance policies based on Sun Life's admissions. Defendant argues the policies at issue are part of one plan and as such are subject to ERISA. They also argue that even if the policies are two separate policies they are both governed by ERISA. The court now turns to the merits of the motion.

## FINDINGS OF FACT

The court finds the facts as follows. Tesco previously had insurance benefits with Unum. On April 1, 2005, Tesco decided to change carriers and selected Sun Life to provide its employees with employer paid Basic Life, Basic Accidental Death, Short Term

1

Disability and Long Term Disability Insurance. At the same time, Tesco offered to its employees the option to purchase Voluntary Accidental Death Coverage. Tesco determined which employees were eligible, the length of the waiting period before coverage would become effective, and the benefit amounts, as well as other plan terms. Tesco also designated itself as Plan Sponsor and Plan Administrator for this comprehensive benefit plan.

Sun Life issued an insurance policy to Tesco, policy number 18524-001 (policy 1) on April 1, 2005, as amended July 6, 2008. Sun Life issued an insurance policy to Tesco, policy number 18524-002 (policy 2) on April 1, 2005, as amended January 1, 2006. Policy 1 is the Basic Life, Basic Accidental Death, Short Term Disability and Long Term Disability policy and policy 2 is an Accidental Death and Dismemberment Insurance Policy. The employer paid the premiums for policy 1 and the employees paid the entire premiums for policy 2. Enrollment in policy 2 was optional for employees. The 01 and 02 at the end of the policy numbers was added for billing purposes. The 01 designated an employer paid premium and the 02 designated the voluntary coverage. Plaintiff is seeking benefits under both the employer paid Basic Accidental Death and the employee paid Voluntary Accidental Death policy.

Plaintiff has argued the two polices at issue are separate policies and requests this court to find that policy 2 is not subject to ERISA. Defendant argues that all the coverage issued by Sun Life to Tesco Corporation U.S. is under a single plan and a single policy and the entire insurance coverage under this policy is governed by ERISA.

The court finds the two policies are part of one plan.

First, the policy numbers are identical except for the 01 and 02 at the end of the policy numbers. This distinction was done for billing purposes since the employer paid for the basic plan and the employee paid for the voluntary one. For purposes of satisfying the safe harbor provision, plaintiff is attempting to sever her optional disability benefits from the rest of the plan. Under existing case law, this simply cannot be done. The court finds that both policies were part of one comprehensive plan. "(Severing) cannot be done because the [optional] coverage was a feature of the Plan, notwithstanding the fact that the cost of such coverage had to be contributed by the employee." Smith v. Jefferson Pilot Insurance Company, 14 F.3d 562, 567 (11th Cir. 1994), cert. denied, 513 U.S. 808, 115 S.Ct. 57, 130 L.Ed. 2d 15 (1994). Gaylor v. John Hancock Mutual Life Insurance Company, 112 F.3d 460, 463 (10th Cir. 1997). The court finds that all coverage is part of the same plan, and the benefits offered in policy 2 were an additional feature of the main employee benefit plan offered in policy 1. Since the optional part cannot be severed from the comprehensive plan, if ERISA applies to one portion of the plan, ERISA applies to the entire plan.

Next, the court must determine whether ERISA applies to policy 1. An employee benefit plan is covered by ERISA if the following elements are met: (1) a "plan, fund or program", (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, or benefits, (5) to participants or their beneficiaries. Peckham v. Gem State Mutual of Utah, 964 F.2d 1043, 1047 (10th Cir. 1992). The court finds that policy 1 meets these elements.

First, the court must determine whether there is a plan,

fund or program. "A 'plan, fund, or program' exists if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." Gaylor at 464. In this case, the court finds these elements are satisfied. The intended benefits are the Basic Accidental Death and Voluntary Accidental Death benefits which plaintiff is claiming. The class of beneficiaries is the Tesco employees and their beneficiaries. The source of financing is the employer and the employee, depending on the policy. Finally, the procedures for receiving benefits are included within the policy booklets given to the plan participants.

The second and third requirement is whether the employer "established or maintained" the Plan. As stated by the Tenth Circuit Court of Appeals "'the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan....has been established.' Additionally, an employer's payment of premiums is substantial evidence that a plan has been established." Sipma v. Mass. Cas. Ins. Co., 256 F.3d 1006, 1012 (10th Cir. 2001). "The established or maintained requirement is designed to ensure that the plan is part of an employment relationship." Gaylor at 464. The court looks at the "degree of participation by the employer in the establishment or maintenance of the plan." Id. "An important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long term basis." Gaylor at 464. The evidence shows that Tesco secured the plan and paid for all of policy 1. Tesco also determined who is entitled to benefits and when. Tesco made it available to its employees. Here it appears undisputed that

4

Tesco established and maintained the plan in question.  Prior to the selection of Sun Life, Tesco's employee coverage was through Unum.  Tesco negotiated the eligibility requirements for the voluntary coverage, negotiated rate guarantees, the amount of coverage and amendments.

It is clear the plan was established for the purpose of providing life insurance and disability insurance to its employees and/or their beneficiaries.  Thus, satisfying the fifth and final element.  Accordingly, the court finds policy 1 meets the requirements to be covered by ERISA.  Since policy 2 was part of the same plan and cannot be severed from the plan, it too, is covered by ERISA.

Plaintiff has argued that policy 2 satisfies the Safe Harbor provisions and as such, cannot be subject to ERISA.  However, as was stated previously, plaintiff cannot segregate the Voluntary Accidental Death policy from the basic employer paid policy.  This is simply not allowed under existing Tenth Circuit Court of Appeals law.  <u>Gaylor</u>  at 463.

Finally, the plaintiff has requested this court find that plaintiff is entitled to recover damages for Sun Life's breach of insurance policies based on Sun Life's admissions in previous pleadings.  The court denies this request. Defendant filed an Amended Answer after the motion to dismiss was ruled on by this court. The Amended Answer was filed within the deadline set by the Scheduling Order.  Plaintiff moved to strike this answer as untimely among other arguments. Plaintiff argued it was not filed timely after the denial of the motion to dismiss and the defendant did not seek leave of court to file it. On June 8, 2011, this court entered an order denying the motion to strike

5

the answer.  In its order, the court stated that by entering a Scheduling Order the court in essence gave defendant leave of court to file the answer out of time.  Accordingly, since the Amended Answer was not stricken, the court denies plaintiff's request to allow her to recover damages based on their admissions in the earlier answer and other pleadings.

Accordingly, the court rules as follows on the Plaintiff's Motion for Partial Summary Judgment on ERISA and brief in support (Doc. #40).  The court finds the two policies at issue are part of one plan.  The court also finds policy 1 is covered by ERISA and policy 2 cannot be segregated from the comprehensive plan.  As such, policy 2 is also governed by ERISA.  Finally, the court denies plaintiff's request that they are entitled to recover damages based on Sun Life's admissions.

**IT IS SO ORDERED** this 26th  day of July, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma